**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-cr-00394-10 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LARRY NICHOLS (10) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Larry Nichols ("Nichols"). See Record Document 561. The United States of America ("the Government") opposed the Motion. See Record Document 581. Nichols did not reply. For the reasons set forth below, Nichols's Motion is **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 26, 2020, a federal grand jury returned a nine-count Superseding Indictment charging Nichols and others with a variety of drug and gun offenses. See Record Document 581 at 2. Nichols was named in three counts: Count 1, Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine; Count 4, Possession with the Intent to Distribute Methamphetamine; and Count 5, Possession of a Firearm by a Convicted Felon. See id.; see also Record Document 25. On October 1, 2021, pursuant to a written plea agreement, Nichols pled guilty to Count 4. See Record Document 581 at 2; see also Record Documents 385 & 387.

On November 22, 2021, a presentence investigation report was issued and attributed to Nichols 15.21 grams of pure methamphetamine based on the conduct

delineated in Count 4 and 963.884 grams of mixture and substance containing methamphetamine based on information from a co-defendant. See Record Document 581 at 2; see also Record Document 414. The base offense level was reduced to 23 because of Nichols's acceptance of responsibility and role in the offense. See Record Document 581 at 3; see also Record Document 414.

At sentencing, Nichols's attorney withdrew the objections to the presentence investigation report considering a § 5K1.1 motion filed by the Government. See Record Document 581 at 3. The parties agreed Nichols would be held accountable for 963.88 grams of methamphetamine. See id. The Court sentenced him to 77 months' imprisonment, and the judgment was entered into the record on February 9, 2022. See id. Nichols filed a notice of intent not to appeal. See id.; see also Record Document 467.

## LAW AND ANALYSIS

Nichols challenges his conviction on three grounds: (1) He only pled guilty to Count 4, so he should not be held accountable for the "ghost dope" in the conspiracy. (2) He only pled to and should be responsible for 13 grams of methamphetamine. (3) The Government witness, Mr. Hall, recanted the amount of methamphetamine. See Record Document 561 at 4–7. Ultimately, Nichols asks the Court to either vacate or reduce his 77-month sentence to a level 16 or 17, resulting in 51 to 63 months of confinement. See id. at 12.

In its opposition, the Government argues that Nichols's claims concerning his sentence are not presently cognizable. See Record Document 581 at 5. By questioning the amount of drugs for which he was held responsible, the Government contends Nichols

is trying to challenge the application of the guidelines. See id. If that is the case, the Government argues a technical application of the sentencing guidelines cannot be raised in a § 2255 motion. See id. Thus, the Government's first argument submits that Nichols has not presented any claims that are constitutional in nature. See id. at 6.

Second, the Government asserts that even if his claims are constitutional in nature, Nichols has not overcome the procedural bar because he should have raised these claims on appeal. See id. Additionally, he has not met the cause and prejudice test or shown his actual innocence. See id. Third, the Government argues that even if Nichols could have raised his claims in a § 2255 motion, the issues are meritless. See id. at 7. He was correctly held responsible for 963.88 grams of methamphetamine. See id. For these reasons, the Government contends Nichols's Motion should be denied. See id. at 8.

**I. Section 2255 Standard.**

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F. 2d 228, 231–32 (5th Cir. 1991) (citing U.S. v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1592 (1982)). Consequently, relief under § 2255 is quite limited, reaching only instances where (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum, or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Stated differently, § 2255 affords relief only to issues of constitutional or jurisdictional magnitude—those that "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F. 2d 367, 368 (5th Cir. 1992). A misapplication of the

3

sentencing guidelines "are not cognizable in § 2255 motions." Id. Additionally, the Fifth Circuit has held a claim is not procedurally barred from collateral review if the defendant can show "cause for the default and actual prejudice as a result." U.S. v. Robinson, 323 Fed. Appx. 340, 341 (5th Cir. 2009).

"To show cause for a procedural default, a movant must 'show that "some objective factor external to the defense" prevented him from raising on direct appeal the claim he now advances.'" Id. at 342 (quoting U.S. v. Guerra, 94 F. 3d 989, 993 (5th Cir. 1996) (citation omitted)). To demonstrate actual prejudice, a movant must show "'not merely that the errors…created a possibility of prejudice, but that they worked to his actual and substantial disadvantage.'" Id. (quoting Hughes v. Quarterman, 530 F. 3d 336, 341 (5th Cir. 2008) (internal quotation marks and citation omitted)).

"Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent." U.S. v. Stamper, No. 19-00033, 2021 WL 3847816, at *4 (W.D. La. Aug. 27, 2021) (citing Bousley v. U.S., 523 U.S. 614, 622 (1998)). If the defendant cannot illustrate "a 'colorable showing of factual innocence,'" he fails to demonstrate a fundamental miscarriage of justice. Id. (citing U.S. v. Flores, 981 F. 2d 231, 236 (5th Cir. 1993)).

**II. Analysis.**

In the instant case, Nichols's three claims underlying his Motion all relate to a technical application of the sentencing guidelines. Each claim refers to the amount of methamphetamine he pled guilty to and should be held responsible for. He argues he is

4

only responsible for 13 grams of methamphetamine. Issues regarding the application of the sentencing guidelines should be raised on direct appeal, not in a § 2255 motion. See Stamper, 2021 WL 3847816, at *5; see also U.S. v. Williams, No. 18-00152-01, 2020 WL 475815, at *2 (W.D. La. Jan. 28, 2020). Since Nichols has not implicated any constitutional issues, his claims should have been raised on direct appeal rather than a § 2255 motion.

Even if Nichols's claims implicated constitutional issues, his Motion is still unsuccessful because he has not shown cause and prejudice. Nichols has not pointed to any evidence showing he was prohibited from raising these claims on direct appeal. See Stamper, 2021 WL 3847816, at *4. Additionally, he entered a guilty plea that was knowing and voluntary. See id.; see also Record Document 388. The presentence investigation report calculated a guideline imprisonment range of 92 to 115 months. See Record Document 451 at 2. However, because of Nichols's assistance and other factors, the Government recommended a term of imprisonment of 77 to 96 months in its § 5K1.1 motion. See id. He was ultimately sentenced to 77 months' imprisonment. See Record Document 460. Thus, the Court finds Nichols has not shown cause and prejudice.

Even though the Court finds Nichols has not shown cause and prejudice, his claims may survive if he can demonstrate his actual innocence. However, Nichols's Motion makes no mention or showing of his actual innocence. Since his claims are meritless and procedurally barred, his Motion is **DENIED**.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Nichols's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 561) is **DENIED**.

An Order consistent with this Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 2nd day of January, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE