# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-00394-10 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LARRY NICHOLS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Petitioner Larry Nichols's ("Nichols") Motion for Reduction in Sentence (Compassionate Release) pursuant to 18 U.S.C. § 3582(c)(1)(A) (Record Document 602). The Government has opposed the motion (Record Document 607). For the reasons set forth below, Nichols's Motion is hereby **DENIED**.

## FACTUAL BACKGROUND

On February 26, 2020, Nichols was indicted for conspiracy to distribute and possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession of a firearm by a convicted felon. See Record Document 607 at 1. Nichols later pled guilty to possession with intent to distribute methamphetamine and, on February 7, 2022, was sentenced to 77 months of imprisonment followed by four years of supervised release. See id.

On September 15, 2023, Nichols filed the instant *pro se* motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See Record Document 602. In his motion, Nichols expressly states that he did not submit a request for compassionate release to the warden of his facility, asserting that "[a]dministration doesn't respond." See Record Document 602 at 3. The Government opposes the motion, arguing

that Nichols failed to exhaust his administrative remedies as required by statute and that the exhaustion requirement is mandatory. See Record Document 607.

## LAW AND ANALYSIS

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

>  (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
>
>  (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
>
>  (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Here, Nichols moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under the First Step Act, § 3852(c)(1)(A) allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

>  (1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
>
>  (2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Here, the Government argues that Nichols has not exhausted his administrative remedies.

The Fifth Circuit has made clear that this exhaustion requirement is a mandatory rule that must be enforced when properly raised by the Government. See <u>United States v. Franco</u>, 973 F.3d 465, 468–69 (5th Cir. 2020). Courts lack discretion to waive this requirement. See <u>id.</u>

Here, Nichols concedes that he did not submit a request for compassionate release to the warden of his facility. <u>See</u> Record Document 602 at 3. The statute requires that a request be presented to the Bureau of Prisons in the first instance, and judicial review is unavailable unless and until that requirement is met. See <u>Franco</u>, 973 F.3d at 468. Because Nichols failed to exhaust his administrative remedies, the Court is procedurally barred from reaching the merits of his compassionate release motion.

## CONCLUSION

Based on the reasons explained above, Nichols's Motion for a Reduction in Sentence (Record Document 602) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of January, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT